043975/19344/TPD/RCW

U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS, EAST ST. LOUIS DIVISION

| | |
|---|---|
| WAYNE WILLIS, #N42118,<br><br>    Plaintiff,<br><br>v.<br><br>WEXFORD HEALTH SOURCES, INC., RYAN SUTTERER, GAIL WALLS, and DR. SIDDIQUI,<br><br>    Defendants. | Case Number 3:18-cv-00617-SMY-RJD<br><br>District Judge Staci M. Yandle<br><br>Magistrate Judge Reona J. Daly |

## **PROTECTIVE ORDER**

Before this Court is a Motion for Protective Order (Doc. 38) filed by Defendants Ryan Sutterer, OD, Mohammed Siddiqui, M.D., and Wexford Health Sources, Inc., regarding various Wexford Health Sources, Inc. (Wexford), documents and the contract between Wexford and the State of Illinois. The Court, being fully advised in the premises, hereby **GRANTS** said motion. This Court hereby enters a Protective Order regarding Wexford documents and the contract that has been requested, and any additional policies, procedures, and documents that may be produced during discovery or during trial. A Protective Order is necessary and appropriate pursuant to Fed. R. Civ. P. 26(c), and the Court being otherwise fully advised in the premises, it is hereby **ORDERED**:

    1. Portions of Wexford's policies, procedures, documents, and the contract between Wexford and the State of Illinois contain highly sensitive and proprietary business information that could be very valuable to Wexford's competitors if publically released. Said copies produced in this action shall be stamped with the phrase "Confidential and Subject to Protective Order" (the "protected documents"), stamped with the case number, with confidential and proprietary

information redacted, and shall be protected and given confidential treatment as described in this Order.

2. These protected documents shall be provided to the Medical Records Director at Hill Correctional Center and shall not be disclosed to any person except:

    a. The Plaintiff, in a manner described in ¶3;

    b. The attorneys of record;

    c. This Court and its officers;

    d. Stenographic reporters;

    e. Defendants;

    f. Employees of counsel; and

    g. Experts consulted or retained in this litigation.

3. The Medical Records Director shall provide an opportunity for Plaintiff to view and take notes of documents produced pursuant to Plaintiff's requests. Plaintiff shall have the opportunity to view the documents in a locked environment for two hours, after which point the Medical Records Director will retrieve all responsive documents and retain them. At the time that Plaintiff is provided access to the documents, Defendants SHALL FILE with the Court a notice indicating the date and time that Plaintiff reviewed the documents and the number of pages of documents that Plaintiff was provided to review.

4. Plaintiff may, for good cause, request additional time to view the protected documents. If the Medical Records Director deems it appropriate, Plaintiff may be afforded additional time. Such time will not be withheld arbitrarily, but will only be granted for good cause. Documents will be retained by the Medical Records Director. If Plaintiff is denied access but believes that he has demonstrated good cause, Plaintiff may seek leave of Court to view the documents.

5. Except as otherwise provided by this Order or by further order of the Court, the protected documents shall be used for no purpose other than prosecuting or defending the above-captioned proceeding and shall be disclosed only to the persons identified in Paragraph 2, and they shall not be used in any other civil case, criminal case, litigation, or matter.

6. Individuals or entities permitted access to protected documents pursuant to Paragraph 2 above are hereby ordered not to show, convey, or reproduce any information or document so designated, or parts thereof, or copies thereof, or any matter contained therein, or any abstracts or summaries thereof, to any individual or to any entity who would not otherwise have access to said material under the provisions of this order, unless they secure the written consent of the designating party or obtain permission from this Court, upon motion and with notice to all parties.

7. Any party may apply to the Court for relief from, or modification of, this Order.

8. This Order is without prejudice to the rights of any party to (1) object to the production of documents or information that it considers to be privileged, irrelevant or immaterial, or (2) to challenge such confidentiality, and shall not be considered a waiver of any applicable privilege or immunity from discovery or as a concession by the designated party that such information is relevant or material to any issue.

9. This Order shall not prevent any of the protected documents from being used by the Court or counsel of record at any trial or other proceeding in this action only, subject to such confidentiality provisions as the Court may then prescribe.

10. Following the termination of this litigation, whether by final judgment and appeal or by settlement, the parties shall destroy the protected documents.

11. This Protective Order shall remain in full force and effect after the termination of this litigation, or until canceled, vacated or otherwise modified by order of this Court.

12. In the event that either party wishes to file a document or information under seal, that party must first file a motion in advance seeking to file the document[s] or information under seal (with the limited exception of information covered by Local Rule 5.1(d)). When filing the motion to seal, the party will contemporaneously submit the document[s] or information in question to the Court for *in camera* review. The Court will then make an individualized determination of whether any such document[s] or information can be filed under seal. *See Citizens First National Bank v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999); *Baxter Int., Inc. v. Abbot Labs.* 297 F.3d 544 (7th Cir. 2002); *Bond v. Utreras,* 585 F.3d 1061, 1073 - 76 (7th Cir. 2009). Any document or information filed under seal without prior Court approval will be unsealed and become part of the public record.

13. Anyone with knowledge of the contents of this order shall be bound by its terms.

**IT IS SO ORDERED.**

**DATED: January 18, 2019**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**