**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **WAYNE WILLIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **CASE NO.   18-cv-617-RJD** |
| | ) | |
| **WEXFORD HEALTH SOURCES, INC., et al.,** | ) ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

**DALY, Magistrate Judge:**

This matter is before the Court on the Bill of Costs (Docs. 80, 82) filed by Defendant Walls and Defendants Siddiqui, Sutterer, and Wexford.   Plaintiff filed a response in opposition (Doc. 90).   The Court directed Plaintiff to file an updated trust fund account and Plaintiff supplemented his response with a current statement (Doc. 92-1).

### Background

Plaintiff Wayne Wallis is an inmate in the Illinois Department of Corrections.   On March 26, 2018, Plaintiff filed a lawsuit against Defendants pursuant to 42 U.S.C. § 1983.   On February 18, 2020, summary judgment was granted in favor of Defendants.   Judgment was entered on the same date.   Defendants Siddiqui, Sutterer, and Wexford seek to have Plaintiff pay $1,976.50 in costs for deposition transcripts used in defending the case and Defendant Walls seeks to have Plaintiff pay $1,296.60 in costs for deposition transcripts used in defending the case.   Defendants provided receipts evidencing the costs of obtaining the deposition transcripts.   Plaintiff filed a response arguing he is indigent and unable to pay the cost now and in the future.

**Legal Standard**

Federal Rule of Civil Procedure 54(d)(1) provides that "costs — other than attorney's fees — should be allowed to the prevailing party" unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise.  Recoverable costs under 28 U.S.C. § 1920 include: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services.  28 U.S.C. § 1920(1)-(6).  "The rule provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise."  *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006).

The denial of costs may be warranted if the losing party is indigent and has no ability to pay.  *Id.*  To deny a bill of costs on the grounds of indigence, "the district court must make a threshold factual finding that the losing party is 'incapable of paying the court-imposed costs at this time or in the future.'"  *Id.* at 635 (quoting *McGill v. Faulkner*, 18 F.3d 456, 460 (7th Cir. 1994)).  "The burden is on the losing party to provide the district court with sufficient documentation to support such a finding."  *Id.* (internal quotations omitted).  Next, the district court "should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs."  *Id.*

**Analysis**

Plaintiff was granted *pauper* status when this action commenced, and he has been continuously incarcerated throughout the course of this litigation (Doc. 6).  However, despite his

*pauper* status, a review of his trust fund account statement detailing transactions from March 1, 2020 through March 27, 2020 reveals he had a balance of $300.00 as of March 6, 2020 (Doc. 92-1).   Based on a review of Plaintiff's evidence, the Court cannot find that Plaintiff is incapable of paying some court-imposed costs in this case.

The Court also finds that this action was not frivolous and involved important constitutional rights under the Eighth Amendment.   The Court believes Plaintiff's pursuit of this action was in good faith even though he did not prevail, but that he should not be completely relieved of the obligation to pay Defendants' costs.

### Conclusion

For these reasons, the Court **OVERRULES** Plaintiff's objection to costs, but will reduce the amount of costs to $60.00.   This amount represents 20% of Plaintiff's trust fund account balance in March 2020 and is consistent with the Court's approach for its collection of filing fees under 28 U.S.C. § 1915(b)(1).   The Court **ORDERS** an award of costs in the amount of $30.00 to Defendants Siddiqui, Sutterer, and Wexford, and $30.00 to Defendant Walls.

**IT IS SO ORDERED.**

**DATED:   March 27, 2020**

s/ *Reona J. Daly*

**Hon. Reona J. Daly**
**United States Magistrate Judge**